IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JESUS GARCIA, ) | | |
| ID # 47487-177, ) | | |
|    Movant, ) | No. 3:17-CV-296-L (BH) | |
| vs. ) | No. 3:13-CR-440-L(8) | |
| ) | | |
| UNITED STATES OF AMERICA, ) | Referred to U.S. Magistrate Judge | |
|    Respondent. ) | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation. Before the Court are a motion to vacate sentence under 28 U.S.C. § 2255 (doc. 1), and the *Motion to Hold in Abeyance a § 2255 Proceeding* (doc. 2), both received on January 31, 2017. Based on the relevant filings and applicable law, the motion to vacate should be **DISMISSED** without prejudice, and the motion to hold in abeyance is **DENIED**.

**I.  BACKGROUND**

Jesus Garcia ("Movant"), an inmate currently incarcerated in the federal prison system, filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody challenging his federal conviction and sentence in Cause No. 3:13-CR-440-L.  The respondent is the United States of America ("Government").

On January 7, 2014, Movant was charged by a superseding indictment with conspiracy to possess with intent to distribute cocaine and cocaine base (count one) and conspiracy to possess with intent to distribute methamphetamine (count two). (*See* 3:13-CR-440-L, doc. 95.)  On November 4, 2014, he pled guilty to count one. (*See id.*, docs. 297, 299, 320.)  He was sentenced to 216 months' imprisonment on January 5, 2016. (*See id.*, docs. 600, 601.)  Movant filed a notice of appeal on April 1, 2016. (*See id.,* doc. 636.)  That direct appeal is still pending before the Fifth

Circuit Court of Appeals.  *See United States v. Garcia*, No. 16-10384 (5th Cir.).

On or about January 19, 2017, he mailed his motion to vacate alleging ineffective assistance of counsel and challenging a 4-level enhancement for being a leader or manager.  (*See* doc. 1 at 3-4.)  He also mailed a motion to hold his § 2255 motion in abeyance, but he actually only seeks a 45-day extension of time to file a memorandum in support of his § 2255 motion.  (doc. 2.)

## II.  SCOPE OF RELIEF AVAILABLE UNDER § 2255

"Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice."  *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996) (citations and internal quotation marks omitted).  It is well established that "a collateral challenge may not do service for an appeal."  *United States v. Shaid*, 937 F.2d 228, 231 (5th Cir. 1991) (*en banc*) (quoting *United States v. Frady*, 456 U.S. 152, 165 (1982)).

The Fifth Circuit has long held that motions to vacate under § 2255 are "not entitled to consideration on the merits" when the direct appeal remains pending.  *See Jones v. United States*, 453 F.2d 351, 352 (5th Cir. 1972).  This is because "'the disposition of the appeal may render the motion moot.'"  *United States v. Fantozzi*, 90 F. App'x 73 (5th Cir. 2004) (quoting *Welsh v. United States,* 404 F.2d 333 (5th Cir.1968), *abrogated on other grounds, United States v. Ortega,* 859 F. 2d 327 (5th Cir.1988)). Because Movant's appeal remains pending before the Fifth Circuit, this Court should not entertain his § 2255 motion and should summarily dismiss it as provided by Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts without prejudice to re-filing once his conviction becomes final.  *See Clay v. United States*, 537 U.S. 522, 525, 527 (2003) (a federal prisoner's conviction is final for purposes of limitations either when the

2

Supreme Court denies a petition for certiorari or, if a petition for certiorari is not filed, when the time for filing a petition expires).

Because the § 2255 motion should be dismissed, Movant's *Motion to Hold in Abeyance a § 2255 Proceeding* (doc. 2), which seeks an extension of time to file a brief in support of his § 2255 motion, is **DENIED**.

### III. RECOMMENDATION

The motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 should be **DISMISSED WITHOUT PREJUDICE** to re-filing once Movant's conviction becomes final.

**SIGNED this 3rd day of February, 2017.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE